**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CARLOS JOSE SICHIQUE-MOROCHO** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | **No. 26-7733** |
| | : | |
| **WARDEN JAMAL JAMISON, ET AL.** | : | |

**ORDER**

This 19th day of October, 2026, for the reasons that follow, it is hereby **ORDERED** that Petitioner's Petition for Writ of Habeas Corpus and Complaint for Injunctive and Declaratory Relief, ECF 1, is **GRANTED.** Respondents shall release Petitioner immediately and shall return all personal belongings confiscated upon his arrest or during his detention, including any identification documents, and certify compliance with this Order no later than 5:00 p.m. ET on October 20, 2026.

Respondents justify Petitioner's arrest and detention based upon the issuance of a warrant before he was taken into custody. The documents submitted show that the warrant was issued on October 1, 2026, and the Notice to Appear was issued and served on October 6, 2026, *after* Petitioner was taken into custody. ECF 4 at 3. The regulation cited by Respondents, 8 C.F.R. § 236.1(b), demonstrates the invalidity of such a warrant, as it authorizes arrest and detention on a warrant issued only after the issuance of a Notice to Appear. The Supreme Court recognized the foundational importance of a Notice to Appear in *Niz-Chavez v. Garland*, 593 U.S. 155 (2021), in which it characterized such notice as a "case-initiating document"—"like an indictment in a criminal case [or] a complaint in a civil case"—which "serves as the basis for commencing a grave legal proceeding." 593 U.S. at 163-64. "To be valid, then, a Form I-200 warrant must issue at the same time or after the Department of Homeland Security issues an NTA." *Islamuddin A. v.*

*Blanche*, No. 26-3340, 2026 WL 2546280, at *3 (D. Minn. Aug. 28, 2026); *accord Lopez-Lopez v. Jamison*, No. 26-7618, 2026 WL 3094744, at *3-4 (E.D. Pa. Oct. 16, 2026) (Kenney, J.) (collecting cases).

"The rule of law is built upon multiple procedural safeguards." *Tabora-Brizuela v. Mullin*, No. 26-7010, 2026 WL 2908095, at *5 (E.D. Pa. Sept. 28, 2026). Respondents' non-compliance with its governing regulations renders its arrest and detention of Petitioner unlawful, and "[h]abeas is at its core a remedy for unlawful executive detention and the typical remedy for such detention is, of course, release." *Id.* (citations omitted).

/s/ Gerald Austin McHugh
United States District Judge